NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PETER ERRICO, Administrator and             :
Administrator ad prosequendum of the        :
ESTATE OF NICHOLAS ERRICO, dec.,            :
                                            :
          Plaintiff,                        :          Civil No. 06-530 (AET)
                                            :
     v.                                     :          **MEMORANDUM AND ORDER**
                                            :
TOWNSHIP OF HOWELL, et al.                  :
                                            :
          Defendants.                       :
                                            :

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on behalf of Defendant John Storrow's Motion for Summary Judgment In His Official Capacity [30], Defendant John Storrow's Motion for Summary Judgment with Respect to Punitive Damages [29], Defendant John Storrow's Motion for Summary Judgment as to Count IV of the Complaint [33], and Defendants Township of Howell, Jesse Moore, Nick Bondarew, Bernie Fowler, Jaime Higgins, Andrew Kudrick, and Ronald T. Carter's (collectively, "Township Defendants") Motion for Summary Judgment [28]. The Court has decided these motions based upon the submissions of the parties. For the reasons stated below, the Township Defendants Motion for Summary Judgment is granted, and Defendant Storrow's motions are granted in part, and denied in part.

BACKGROUND

This action arises from a motor vehicle accident which occurred on February 13, 2004, in

Howell Township, New Jersey.  Plaintiff, Peter Errico ("Plaintiff Errico"), has instituted this action as the administrator of the estate of Nicholas Errico ("Mr. Errico"), deceased.

On February 13, 2004, Plaintiff's decedent, Nicholas Errico, was observed by Defendant, Patrolman Jesse Moore, operating a motorcycle at speeds exceeding 100 miles per hour and weaving in and out of traffic.  (Def. Storrow's Mot. Summ. J., Official Capacity, Ex. B.)  Defendant Moore activated his patrol car lights and siren and followed Mr. Errico in an attempt to make a motor vehicle stop.  In addition, Defendant Moore contacted dispatch to request assistance in apprehending Mr. Errico.

As Mr. Errico traveled north on Windsor Road, Defendant, Patrolman Nicholas Bondarew, was on Windsor Road, and was located in the direction that Mr. Errico was heading.  (Id.)  Mr. Errico proceeded to pass Defendant Bondarew's vehicle.  Defendant Bondarew then joined in the pursuit of Mr. Errico.  However, Mr. Errico continued to elude the officers.

Thereafter, Defendant, Sergeant Andrew Kudrick, joined in the pursuit, as Mr. Errico continued the chase by traveling at a high rate of speed onto residential properties and between signs and fences.

At the time the pursuit was initiated, Defendant, Sergeant John Storrow, had just ended his shift at the Howell Police Department and intended to go home.  (Def. Storrow's Mot. Summ. J., Official Capacity, Ex. E.)  As he was driving home in his unmarked personal vehicle on his way home, Defendant Storrow heard about the on-going pursuit of Mr. Errico on his police radio.  Defendant Storrow was traveling on his normal route home on Windeler Road towards Georgia Tavern Road when he heard that the pursuit was coming closer to his vicinity.  Thereafter, Defendant Storrow heard that Mr. Errico was coming up on Windeler Road, heading towards

2

Route 9.

Defendant Storrow decided to pull into the parking lot of Stewart's Rootbeer at the intersection of Georgia Tavern Road and Route 9, his vehicle positioned to face Georgia Tavern Road. Defendant Storrow was trying to see if he could get a description of the motorcyclist and a license plate number, which he believed, the police had been unable to obtain. (Def. Storrow's Mot. Summ. J., Official Capacity, Ex. E., 25:20-26:4.) Defendant Storrow did not alert the pursuing officers of his position or presence by radio or other means. (Def. Storrow's Mot. Summ. J., Official Capacity, Ex. E., 25:17-32:14.)

After pulling into the parking lot of Stewart's Rootbeer, Defendant Storrow heard on the police radio that the pursuing officers had lost sight of Mr. Errico and were no longer headed in his direction. At this point, Defendant Storrow believed that the suspect vehicle had passed his position, and since there were several marked patrol units in the area, he did not believe he could be of any further assistance. Defendant Storrow decided to continue on his way home. (Def. Storrow's Mot. Summ. J., Official Capacity, Ex. E., 33:17-34:18.)

Defendant Storrow pulled out of the parking lot onto Georgia Tavern Road and stopped in the slow lane. Defendant Storrow then heard on the police radio that the suspect vehicle was on Georgia Tavern Road. Defendant Storrow looked east, then, two or three seconds later, the suspect vehicle collided with the front end of his car. Def. Storrow's Mot. Summ. J., Official Capacity, Ex. F., 3.) On February 18, 2004, Mr. Errico died as a result of the injuries sustained in the accident.

On February 6, 2006, Plaintiff filed a Complaint alleging violations under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983, and

state law claims of negligence. On February 15, 2008, the Township Defendants filed a Motion for Summary Judgment. On February 22, 2008, Defendant Storrow filed a Motion for Summary Judgment on the issue of punitive damages, and a Motion for Summary Judgment in his official capacity. On February 25, 2008, Defendant Storrow filed a Motion for Summary Judgment in his personal capacity.

## DISCUSSION

A.   Standard for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).

In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).

In deciding whether triable issues of fact exist, Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

The nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("[T]he object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit"); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [nonmoving party] need not match, item for item, each piece of evidence proffered by the movant," but rather must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993).

B.    Whether Defendant Storrow was Acting in his Official or Personal Capacity

Plaintiff argues that, at the time of the accident, Defendant Storrow was acting in his personal capacity. Plaintiff asserts, that because Defendant Storrow had finished his shift, and was on his way home in his personal vehicle, he was not involved in the incident as an on-duty police officer. Further, Plaintiff argues that after Defendant Storrow pulled out of the Stewart's

lot onto Georgia Tavern Road, he was no longer concerned with the pursuit, and, thus, was no longer acting under the color of state law.

Defendant Storrow argues that once he became aware that a motorcyclist was fleeing members of the police department through Howell Township, that he involved himself in the pursuit, and, therefore, was acting in his official capacity.  During his deposition, Defendant Storrow testified, that despite the fact that he was off duty and on his way home, when he heard of the police high speed pursuit of the motorcyclist, that he involved himself in the pursuit, because:

> [a]ll of the guys know when we're off duty, if we get involved in something, it's considered on duty anyway.  As a matter of fact, we have a standing rule and regulations on the books that requires us to get involved in anything that, any criminal activity that takes part within the Township of Howell.  And we can actually be disciplined, as somebody was not too long before that, for not getting involved while he was off duty and some stuff happened in town that he was present for.  So there was no question about whether or not I was on or off.  It's the twenty-four/seven thing.

(Def. Storrow's Mot. Summ. J., Official Capacity, Ex. B., 62:17-63:6.)  Defendant Storrow was referring to Howell Township Police Department Rule & Regulation 4.1.2, which requires police officers to act while off-duty, and provides: "While off-duty, members shall take appropriate action as needed in any police matter that comes to their attention within their jurisdiction as authorized by New Jersey law and department policy." (Def. Storrow's Mot. Summ. J., Official Capacity, Ex. D.)

However, off-duty policemen invariably are directed by department regulations to be always subject to duty.  This fact by itself is not sufficient to show action under color of state law.  The evidence must establish that Defendant Storrow actually acted subject to duty and

6

availed himself of the power vested in him by the state in order to accomplish the act. The traditional definition of acting under color of state law requires that a defendant in a 42 U.S.C. § 1983 action have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941). Further, the New Jersey Tort Claims Act does not shield a public employee from liability if it is established that his conduct was outside the scope of his employment. N.J. Stat. Ann. § 59:3-14.

The threshold question, therefore, is whether Defendant Storrow was acting under color of state law as a police officer at the time of the accident. After Defendant Storrow heard that the pursuing officers had lost sight of the motorcyclist, and were no longer headed in his direction, he pulled out of the parking lot to continue on his way home. (Def. Storrow's Mot. Summ. J., Official Capacity, Ex. B., 33:17-34:18.) At this point, "Storrow believed that the suspect vehicle had passed his position and there were several more marked units in the area, so Sgt. Storrow did not believe he could be of any further assistance." (Def.'s Br. 10; Def. Storrow's Mot. Summ. J., Official Capacity, Ex: C., 3.) As such, "Sgt. Storrow pulled out of the Stewart's Rootbeer parking lot onto Georgia Tavern Road and stopped there in the slow lane. [He] then heard on the police radio which said the suspect vehicle was on Georgia Tavern Road. [He] looked in an easterly direction at that point two or three seconds later the suspect vehicle collided with the front end of [his] car." (Id.)

At this time, the Court cannot determine whether Defendant Storrow was acting under color of state law at the time of the accident. Defendant Storrow's belief that the suspect vehicle was no longer headed in his direction, his attempt to head home after hearing the suspect had

7

passed his position, and hearing that the suspect was on Georgia Tavern Road only moments before the collision, make summary judgment on this issue inappropriate at this time. As there exists a genuine issue of material fact regarding whether Defendant Storrow was acting in his personal or official capacity at the time of the incident, the Court cannot determine, as a matter of law, whether the New Jersey Tort Claims Act shields Defendant Storrow from liability for his actions. Therefore, Defendant Storrow's Motion for Summary Judgment as to Count IV of the Complaint, claims against Defendant Storrow in his personal capacity, is denied.

C.   Defendant Storrow's Motion for Summary Judgment, in his Official Capacity

As noted above, the Court is unable, at this time, to determine whether Defendant Storrow was acting under color of state law at the time of the accident. However, if it is determined that Defendant Storrow was acting in his personal capacity, and not in his official capacity, then Plaintiff's claims against Defendant Storrow in his official capacity would fail because, for a 42 U.S.C. § 1983 claim, Plaintiff must establish that the conduct complained of, was committed by a person acting under the color of state law.  42 U.S.C. § 1983. Therefore, for purposes of Defendant Storrow's Motion for Summary Judgment in his Official Capacity, the Court will analyze Plaintiff's claims against Defendant Storrow in his official capacity, assuming, that at the time of the accident, Defendant Storrow was acting under color of state law as a Township of Howell police officer.

The Supreme Court, when addressing the issue of whether a police officer violates the Fourteenth Amendment by causing death through deliberate or reckless indifference to life in a high speed automobile chase aimed at apprehending a suspected offender, held that "in such circumstances, only a purpose to cause harm unrelated to the legitimate object of arrest will

satisfy the element of arbitrary conduct shocking the conscience necessary for due process violations." County of Sacramento v. Lewis, 532 U.S. 833, 836 (1998).  Here, Plaintiff has not presented evidence sufficient to show that Defendant Storrow's actions were intended to cause harm unrelated to the legitimate object of arrest.  The record does not indicate actions by Defendant Storrow that are demonstrative of "arbitrary conduct shocking the conscience" giving rise to a Fourteenth Amendment violation.  Moreover, in Scott v. Harris, 127 S. Ct. 1769 (2007), the Supreme Court held that "[a] police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." Id. at 1779. Accordingly, Defendant Storrow's actions at the time of the high-speed pursuit and accident, do not rise to a Fourth Amendment violation.  Therefore, Defendant Storrow's Motion for Summary Judgment, with respect to Plaintiff's official capacity claims, is granted.

D.     Township Defendants' Motion for Summary Judgment

The Township Defendants argue that they are entitled to immunity under the holding in Scott.  In his brief, Plaintiff, after acknowledging that it would appear that the holding in Scott would provide the Township Defendants immunity, argues that this immunity should not apply here because Plaintiff was operating a motorcycle as opposed to a full-sized automobile.

Whether the fleeing vehicle pursued by the police is a motorcycle or full-sized automobile, does not change the reasoning behind the rule.  The Supreme Court, in Scott, stated, "we are loath to lay down a rule requiring the police to allow fleeing suspects to get away whenever they drive so recklessly that they put other people's lives in danger.  It is obvious the perverse incentives such a rule would create: Every fleeing motorist would know that escape is

within his grasp, if only he accelerates to 90 miles per hour, crosses the double-yellow line a few times, and runs a few red lights.  The Constitution assuredly does not impose this invitation to impunity-earned-by-recklessness." Id. at 1779.  Accordingly, the Township Defendants are entitled to immunity under Scott, and, therefore, summary judgment is granted.

E.       Defendant Storrow's Motion for Summary Judgment on the Counts for Punitive Damages

To recover punitive damages, a plaintiff must show more than a bare violation of 42 U.S.C. § 1983.  Cochetti v. Desmond, 572 F.2d 102, 106 (3d Cir. 1978).  It is sufficient for the plaintiff to show either that the defendant acted with actual knowledge that he was violating a right secured by the Constitution and laws, or that the defendant acted with reckless disregard of whether he was thus violating such a right.  Id.

> The most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct. Courts determine the reprehensibility of a defendant by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident. The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect. It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 419 (2003).

Defendant Storrow argues that there has never been any evidence presented, other than mere allegations, demonstrating that Defendant Storrow was acting with actual knowledge that

10

he was violating a federally-protected right, or acting with reckless disregard of whether he was doing so. Defendant Storrow also maintains that Plaintiff has not come forward with any evidence to suggest that he acted with conscious and deliberate disregard of the consequences of his actions.

The evidence in the record does not indicate an award of punitive damages to be proper. "Despite its utility as a deterrent, the punitive damage remedy must be reserved, we think, for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages." Cochetti, 572 F.2d at 106. The record does not indicate any conduct by Defendant Storrow so reprehensible as to warrant the imposition of punitive damages to achieve punishment or deterrence. Therefore, summary judgment with respect to punitive damages is granted.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 25th day of June 2008,

ORDERED that Defendant John Storrow's Motion for Summary Judgment In His Official Capacity [30] is GRANTED; and it is further

ORDERED that Defendant John Storrow's Motion for Summary Judgment with Respect to Punitive Damages [29] is GRANTED; and it is further

ORDERED that Defendant John Storrow's Motion for Summary Judgment as to Count IV of the Complaint [33] is DENIED; and it is further

ORDERED that Defendants Township of Howell, Jesse Moore, Nick Bondarew, Bernie Fowler, Jaime Higgins, Andrew Kudrick, and Ronald T. Carter's Motion for Summary Judgment

[28] is GRANTED; and it is further

ORDERED that Defendants Township of Howell, Jesse Moore, Nick Bondarew, Bernie Fowler, Jaime Higgins, Andrew Kudrick, and Ronald T. Carter are dismissed from this case.

                                                s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.